UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRISTOPHER STELLING,

                Plaintiff,

    -v-

THE CITY OF NEW YORK, New York City Police Department Officer ("P.O.") P.O. JONATHAN CANNIZZARO (Shield #4278) and P.O. THOMAS MARFOGLIO (Shield #13464), in their individual capacities,

                Defendants.

**AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL**

<u>15-CV-00035 (ILG)(VVP)</u>

---

Plaintiff Christopher Stelling, through his attorneys Mark C. Taylor and Gillian Cassell-Stiga of Rankin & Taylor, PLLC, as and for his complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff Christopher Stelling's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis seized, detained, arrested, and searched him. By reason of defendants' actions, including their unreasonable and unlawful searches and seizures, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

7. Plaintiff Christopher Stelling ("Stelling") is and was at all times relevant to this action, a resident of Kings County in the State of New York.

8. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. New York City Police Department Officer ("P.O.") Jonathan Cannizzaro (Shield #4278) ("Cannizzaro") and P.O. Thomas Marfoglio (Shield #13464) ("Marfoglio") (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued in their individual capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers

of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

13. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

14. On May 27, 2013, at approximately 2:19 p.m., Christopher Stelling was unlawfully arrested by P.O. Cannizzaro and P.O. Marfoglio at or about the intersection of Classon Avenue and Putnam Avenue in Kings County in the State of New York.

15. Shortly before his arrest, Mr. Stelling had left his apartment, where he works running his own record label.

16. Mr. Stelling often uses a small legal and common folding knife in the course of his work to open records and boxes.

17. Because he was coming from work, Mr. Stelling had the knife clipped to the interior of his pants pocket.

18. P.O. Cannizzaro and P.O. Marfoglio pulled a marked patrol car along the curb next to Mr. Stelling and asked to talk to him.

19. The individual defendants indicated the clip on Mr. Stelling's pocket and asked him what it was.

20. Mr. Stelling produced his legal and common folding knife and handed it to the officers.

21. After taking the knife, the individual defendants, without cause, handcuffed Mr. Stelling.

22. Both individual defendants then attempted to open Mr. Stelling's common folding knife with the force of gravity, but neither was able to do so, which precluded any reasonable officer from believing it was a gravity knife.

23. Despite confirming Mr. Stelling's knife lacked the characteristics of a gravity knife, the individual defendants transported him to the 79th Precinct Stationhouse.

24. Mr. Stelling was held in custody and then released with a Desk Appearance Ticket.

25. Mr. Stelling was charged with Criminal Possession of a Weapon in the Fourth Degree, P.L. § 265.01(1), requiring plaintiff to come to court several times during the course of the following months.

26. The charge was adjourned in contemplation of dismissal on September 18, 2013 and was sealed two days later on September 20, 2013.

27. As a result of his handcuffing and arrest, Mr. Stelling experienced pain, suffering, mental anguish, and humiliation. He was also forced to cancel a number of scheduled performances on his tour.

### FIRST CLAIM
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983

28. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the lodging of false charges against him by police officers; (e) freedom from having police officers fabricate evidence against him; and (f) failure to intervene against P.O. Cannizzaro and P.O. Marfoglio.

30. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS – 42 U.S.C. § 1983
### (Against Defendant City of New York)

31. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. At all times material to this complaint, defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, to wit, arresting individuals in possession of legal common folding knives.

33. At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including individual defendants, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

34. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct

alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

35. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

36. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

- a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation; and
- b. That he be awarded punitive damages against the individual defendants; and
- c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and
- d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
October 6, 2015

Respectfully submitted,

By: _____
Mark C. Taylor
Gillian Cassell-Stiga
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507

6