UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
CHRISTOPHER STELLING,

                Plaintiff,                      MEMORANDUM AND ORDER
                                                                15-CV-0035

   - against –

CITY OF NEW YORK, Police Officer
JONATHAN CANNIZZARO, Police Officer
THOMAS MARFOGLIO

                Defendants.
------------------------------------------------------x
GLASSER, Senior United States District Judge:

      Plaintiff Christopher Stelling ("Stelling" or "Plaintiff") brings this action alleging unlawful arrest and municipal liability pursuant to 42 U.S.C. § 1983 against two New York City police officers, Jonathan Cannizzaro ("Cannizzaro") and Thomas Marfoglio ("Marfoglio," together the "Officers"), and the City of New York (the "City"). Before the Court is the City's motion for summary judgment as to the municipal liability claim. For the reasons stated below, the motion is GRANTED.

## BACKGROUND

      On the afternoon of May 23, 2013, Officers Cannizzaro and Marfoglio, both rookies, were driving a police van when they noticed Stelling on the sidewalk. ECF 36, Plaintiff's 56.1 Statement, at ¶¶ 4-6. The Officers could see the end of a folding knife protruding from Stelling's front pants pocket. ECF 35-4, Marfoglio Dep., p. 20; ECF 35-5, Cannizzaro Dep., p. 27. Believing the knife could be an illegal gravity knife, the Officers stopped the van and approached Stelling to examine the knife. ECF 36, Plaintiff's 56.1 Statement, at ¶¶ 6-7. Each officer tested the knife numerous times by attempting to open it with a one-handed, "flick of the wrist" motion.

1

ECF 35-3, Stelling Dep., pp. 20-21, 25-26, 34-35; ECF 35-4, Margoflio Dep., p. 36; ECF 35-5, Cannizzaro Dep., p. 44.

The parties dispute what happened next. Stelling claims that the knife was a folding knife, commonly and legally bought over the counter, and that it did not open when the officers tested it. ECF 35-3, Stelling Dep., at pp. 19, 35. He says the Officers became increasingly "aggravated" by their inability to prove it was a gravity knife and arrested him in frustration. Id. at pp. 29-30, 37-38. Conversely, the Officers say the knife opened easily when they tested it, satisfying them that it was a gravity knife. ECF 35-4, Margoflio Dep., p. 36; ECF 35-5, Cannizzaro Dep., p. 35. They arrested and charged Stelling with criminal possession of a weapon in the fourth degree under N.Y. Penal Law § 265.01(1). ECF 36, Plaintiff's 56.1 Statement, at ¶¶ 8-9.[1]

Stelling commenced this action on January 6, 2015 (ECF 1), and filed an amended complaint on October 7, 2015. ECF 10. Stelling alleges that the Officers lacked probable cause because they did not prove that the knife in his possession was a gravity knife before arresting him. Id. at ¶¶ 22-25; see also generally ECF 34, Opp. A handful of courts have addressed this issue, and have generally held that, when a plaintiff is carrying a legal folding or utility knife, "New York City police officers lacked reasonable suspicion to stop and search plaintiffs, or [] they lacked probable cause to arrest them for possessing a 'gravity' knife." Clay v. The City of New York, et al., 14-CV-9171, 2016 WL 5115497, *1 (S.D.N.Y. Sept. 9, 2016) (citing cases).

---

[1] Under N.Y. Penal Law § 265.01(1), a person is guilty of criminal possession of a weapon in the fourth degree when he "possesses any firearm, electronic dart gun, electronic stun gun, gravity knife, switchblade knife, pilum ballistic knife, metal knuckle knife, cane sword, billy, blackjack, bludgeon, plastic knuckles, metal knuckles, chuka stick, sand bag, sandclub, wrist-brace type slingshot or slungshot, shirken or 'Kung Fu star.'"

A gravity knife is defined as:

any knife which has a blade which is released from the handle or sheath thereof *by the force of gravity or the application of centrifugal force* which, when released, is locked in place by means of a button, spring, lever or other device. N.Y. Penal Law § 265.00(5) (emphasis added).

To have probable cause for an arrest under N.Y. Penal Law § 265.01, a knife should be tested to determine whether it opens with the application of gravity or centrifugal force. People v. Dreyden, 15 N.Y.3d 100, 104 (2010) (an accusatory instrument must explain briefly how the officer formed the belief that an object is a gravity knife); see also People v. Sans, 26 N.Y.3d 13, 17 (2015) (statement that the knife opened "with centrifugal force" is sufficient to infer that the "officer flicked the knife open with his wrist"). Stelling alleges that the City is liable because it failed to train its officers to perform that test, resulting in his unlawful arrest.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010) (citations and quotation omitted). "A fact is material if it might affect the outcome of the suit under the governing law." Id. In deciding a motion for summary judgment, the court must "construe the facts in the light most favorable to the nonmoving party" and "resolve all ambiguities and draw all reasonable inferences against the movant." Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011) (quotation omitted).

## DISCUSSION

It is well-settled that a municipality cannot be liable under § 1983 for the conduct of its employees solely under a theory of *respondeat superior*. Monell v. Dep't of Soc. Servs., 436

3

U.S. 658, 694 (1978). Rather, Plaintiff must prove that his injury was caused by "action pursuant to official municipal policy." Connick v. Thompson, 563 U.S. 51, 61 (2011). The policymaker's inaction must be the "result of conscious choice and not mere negligence." Cash v. Cnty. of Erie, 654 F.3d 324, 334 (2d Cir. 2011) (quotations omitted).

Under a failure to train theory of liability, Plaintiff must "identify a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury,' such that it 'actually caused' the constitutional deprivation." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 129 (2d Cir. 2004) (citing City of Canton, Ohio v. Harris, 489 U.S. 378, 391 (1989)). These two elements, "which together require the plaintiffs to prove that the deprivation occurred as the result of a municipal policy rather than as a result of isolated misconduct by a single actor, ensure that a failure to train theory does not collapse into *respondeat superior* liability." Amnesty Am., 361 F.3d at 130.

Stelling argues that the City's training program was deficient because it lacked instruction regarding the "application of centrifugal force," see supra N.Y. Penal Law § 265.00(5), which, he claims, is a "complex concept requiring an elevated understanding of the laws of physics." ECF 34, Opp., p. 15. Because an officer must apply centrifugal force to a knife in his probable cause determination, that term is "precisely the category of determination that the city should know requires some instruction." Id. Stelling attaches the City's written training materials and alleges they are deficient because they "do not contain an explanation of what constitutes a 'gravity knife' beyond the definition contained in the penal law," include only one picture of a gravity knife, and lack a demonstrative component. ECF 34, Opp., pp. 10-11; see also ECF 35-7, Training Materials. Additionally, Marfoglio says that he never received training about gravity knives, and that his knowledge of them is based solely on his own reading

4

of the Penal Law. ECF 34, Opp., pp. 9-10. Stelling speculates that the Officers' lack of training "caused confusion as to whether there was probable cause to arrest plaintiff," and that the Officers "arrested plaintiff in frustration . . . in the hopes another officer at the station would be able to properly test and confirm the necessary characteristics." ECF 34, Opp., pp. 18-19.

Plaintiff has not "identified any authority for his argument that the [City's] method or quantity of training provided to its officers is insufficient." O'Brien v. Barrows, 556 F. App'x 2, 5 (2d Cir. 2014). The conclusory contention that the training of a police officer should provide an "elevated understanding of the law of physics" as a necessary prerequisite to any meaningful action regarding a gravity knife is imaginative but will be assumed is not meant to be taken seriously. Additionally, Stelling has not proffered evidence of "how better or different training could have prevented the challenged conduct, or how a hypothetically well-trained officer would have acted under the circumstances." Amnesty Am., 361 F.3d at 130 (quotations omitted). The uncontroverted evidence in the record is that the Officers tested the knife correctly and that further training would not have prevented Stelling's arrest. Each officer spoke in detail about using a "flick of the wrist" motion to test the knife, ECF 35-4, Marfoglio Dep., pp. 43-44, 54-55; ECF 35-5, Cannizzaro Dep., pp. 60-63, and their supervising officer stated that a "flick of the wrist" is the correct test to apply. ECF 35-6, Durkin Dep., pp. 22-23.

Moreover, if the knife was a legal folding knife, more training would have yielded the same outcome Stelling claims occurred: the knife would have remained closed when it was tested. Stelling's theory that the Officers arrested him in frustration, aside from being entirely speculative, bespeaks isolated misconduct by two rookie officers, not a deficient training regime for which the City may be held liable. Amnesty Am., 361 F.3d at 130 (noting that plaintiff must

provide evidence to rule out other causes that would "not support municipal liability, such as . . . one or more officers' negligent or intentional disregard of their training").

## CONCLUSION

The City's motion for summary judgment is granted, and the municipal liability claim is dismissed.

SO ORDERED.

Dated:  Brooklyn, New York
         January 10, 2017

                                            /s/
                                    I. Leo Glasser
                                    Senior United States District Judge